Citation Nr: 1710356 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 12-18 138 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and major depressive disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Jonathan Z. Morris, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1967 to June 1969, and served with the State of New Mexico Air National Guard from June 1969 to August 1972.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico, which, in pertinent part, denied the Veteran's claim of entitlement to service connection for PTSD.

A claim of entitlement to service connection for a psychiatric disorder encompasses claims for all acquired psychiatric disorders that are reasonably raised by the record. Clemons v. Shinseki, 23 Vet. App. 1 (2009). Accordingly, the Board has recharacterized the claim as reflected on the cover page.

The Veteran testified at a hearing before the undersigned Veteran's Law Judge in September 2016. A transcript of the hearing is of record.


FINDING OF FACT

The Veteran has an acquired psychiatric disorder, to include PTSD and major depressive disorder, which was incurred in, or caused by, his military service.


CONCLUSION OF LAW

The criteria for entitlement to service connection for an acquired psychiatric disorder, to include PTSD and major depressive disorder, have been met. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304(f) (2016).




REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R §§3.102, 3.156(a), 3.159, 3.326(a). In this case, the Board is granting in full the benefit sought on appeal. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed.

II. Service Connection for an Acquired Psychiatric Disorder

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. Generally, service connection requires (1) the existence of a present disability; (2) in-service incurrence or aggravation of an injury or disease; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded to the claimant. 

A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). When considering whether lay evidence is competent, the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, supra.

Service connection for PTSD specifically requires medical evidence establishing a diagnosis of the disability, credible supporting evidence that the claimed in-service stressor occurred, and a link, established by medical evidence, between the current symptomatology and the claimed in-service stressor. See 38 C.F.R. § 3.304 (f).

If the in-service stressor claimed by a veteran is related to their fear of hostile military or terrorist activity, and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the veteran's symptoms are related to the claimed stressors, then, in the absence of clear and convincing evidence to the contrary, and provided that the claimed in-service stressor is consistent with the places, types, and circumstances of the veteran's service, a veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. In this context, "fear of hostile military or terrorist activity" means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror. 38 C.F.R. § 3.304 (f)(3); 38 U.S.C.A. § 1154.

The evidence of record establishes that the Veteran has a current diagnosis of PTSD and major depressive disorder. See e.g., Dr. M.R., MD (VA Staff Psychiatrist) November 2012 Statement. Therefore, the Veteran has a current disability.
Turning to the claimed in-service stressor, the Veteran contends that, while stationed in Taegu, Korea as military police for the U.S. Air Force, he saw dead Korean soldiers returning from Vietnam and his duties included helping load and unload returning wounded soldiers from the plane to the ambulance.

The Veteran's personnel records show that he served in Taegu after his National Guard unit was activated for service in Korea to support the Pueblo Crisis from October 1967 to June 1969. His service treatment records show no psychiatric abnormalities, including no reported history of psychiatric symptoms and no indication of treatment for psychiatric complaints during service. His VA treatment records indicate the Veteran sought treatment for symptoms of a mental disorder, and was diagnosed with PTSD and major depressive disorder in August 2010.

The Veteran was provided with a VA PTSD examination in February 2011. The examiner stated that the Veteran appeared to be extremely depressed and hopeless, with very little energy and motivation. He stated that the Veteran maintains a very negative and pessimistic outlook, and presented himself in a state of emotional crisis, as he endorsed various and numerous clinical symptoms consistent with various mental health problems. Nonetheless, the examiner opined that although the Veteran was exposed to dead bodies of Korean soldiers, this military experience/stressor combined with limited and vague PTSD symptomatology does not meet sufficient DSM-IV TR diagnostic criteria to have a formal diagnosis of PTSD. The examiner further opined that the Veteran's current clinical presentation and psychiatric symptomatology are more consistent with a diagnosis of major depressive disorder, recurrent and severe.

In a November 2012 Statement, Dr. M.R., MD, a VA staff psychiatrist, stated that the Veteran is diagnosed with PTSD and major depressive disorder, recurrent type, and has worked with him since August 2010. Dr. M.R. opined that the Veteran's PTSD is directly related to trauma experienced during his military service in Korea.

In a November 2014 Statement, Dr. M.M., MD, a private medical professional, indicated that he conducted a clinical evaluation of the Veteran, reviewed the claims file, and reviewed relevant medical journals and studies in order provide a medical opinion regarding the Veteran's PTSD. Dr. M.M. stated that the Veteran's in-service stressors lead to him suffering from PTSD. Dr. M.M. opined that it is more likely than not that the Veteran has PTSD and that such PTSD was caused in service and is related to his fear of hostile military or terrorist activity, and that his response to the event involved a psychological or psycho-physiological state of fear, helplessness, and horror. In support of this determination, Dr. M.M. discussed, in detail, how the Veteran meets the criteria of PTSD under both the DSM IV and DSM V definitions and assigned the Veteran a GAF score of 50.

In light of the totality of the evidence of record, the Board finds that the Veteran's claim for entitlement to service connection for an acquired psychiatric disorder, to include PTSD and major depressive disorder should be granted.

After reviewing the evidence, the Board finds that there is a reasonable basis to conclude that the Veteran's acquired psychiatric disorder, diagnosed as PTSD and major depressive disorder, is related to an in-service stressor, specifically his exposure to the dead bodies of Korean soldiers.

Although the record contains medical evidence weighing both for and against the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder, as noted above, when there is an approximate balance of positive and negative evidence regarding any material issue, the benefit of the doubt is afforded to the claimant. 38 U.S.C.A. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990). As there is a medical diagnosis of an acquired psychiatric disorder, to include PTSD and major depressive disorder, related to the claimed in-service stressor, and credible supporting evidence of the occurrence of that stressor, the Board concludes that the preponderance of the evidence supports the grant of the Veteran's appeal. Therefore, the Veteran's claim of entitlement for service connection for an acquired psychiatric disorder, to include PTSD and major depressive disorder, is granted.




ORDER

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and major depressive disorder, is granted, subject to the laws and regulations governing the payment of monetary benefits.



____________________________________________
M. H. Hawley
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs